

**IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA**

STATE OF OKLAHOMA }
CLEVELAND COUNTY } S.S.

**FILED**

| | |
|---|---|
| ANGEL VARGAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF NORMAN, political subdivision, | ) |
| | ) |
| NORMAN POLICE DEPARTMENT, a | ) |
| Law enforcement agency, | ) |
| | ) |
| AURY BARRETT, an individual, | ) |
| | ) |
| NATHANIEL WORTHLEY, an individual, | ) |
| | ) |
| Defendants. | ) |

AUG 2 1 2019

In the office of the
Court Clerk MARILYN WILLIAMS

Case No. CJ-2019- 1090
JURY TRIAL DEMANDED

Judge Walkley

## PETITION

COMES NOW, Plaintiff, Angel Vargas (hereinafter "Plaintiff"), by and through

his Counsel of record, and for his causes of action against the above-named

Defendants, states as follows:

### JURISDICTION AND VENUE

1.      The Plaintiff, Angel Vargas, for all material times is and was a resident

of Cleveland County, State of Oklahoma, and so resided for all material times

relevant to the claims made in this Petition.

2.      The Defendant, the City of Norman (hereinafter "City") is a municipality

and political subdivision located in Cleveland County, Oklahoma and is responsible

for the operation of the Norman Police Department and its law enforcement officers.

3.      Defendant, Norman Police Department (hereinafter "NPD") is a law

enforcement agency for Defendant City of Norman, and it has been delegated the

1

responsibility for the operation of the Norman Police Department and its law enforcement officers.

4.     Defendant Aury Barrett (hereinafter "Barrett") for all material times, is and was a sworn Norman Police Officer, employed by and working for Defendant City of Norman and/or Norman PD.

5.     Defendant Nathaniel Worthley (hereinafter "Worthley") for all material times, is and was a sworn Norman Police Officer, employed by and working for Defendant City of Norman and/or Norman PD.

The acts complained of herein occurred in Cleveland County, Oklahoma, making jurisdiction and venue in this Court proper, the Defendants were acting under color and authority of state law at all times relevant hereto, and Plaintiff has timely complied with all requirements set forth in the Oklahoma Governmental Tort Claims Act. 51 O.S. § 151 *et seq.*

## FACTUAL BACKGROUND

Plaintiffs incorporates all previous allegations and statements and further alleges as follows:

6.     On or about November 14, 2018, Plaintiff was an invitee at a restaurant on Campus Corner, which is located off Asp Ave and Boyd Street, in Norman, Oklahoma.

7.     A physical and verbal altercation fight had broken out in the street, and Plaintiff tried to intervene and break the fight up.

8.     While trying to intervene between the parties, Norman PD officers

2

including Defendant Barrett and Defendant Worthley responded to the scene and began breaking up the fight.

9.      Defendant Barrett and Defendant Worthley threw Plaintiff down onto the asphalt causing him injury. Defendant Barrett and Defendant Worthley's actions were unprovoked, unnecessary, and in reckless disregard for the rights of Plaintiff.

10.     Plaintiff filed a claim with the City of Norman on December 7, 2018, as required under the Government Tort Claims Act. Ninety days has passed without any response or action by the City of Norman or the Norman Police Department.

### FIRST CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR AGAINST CITY OF NORMAN*

Plaintiffs incorporates all previous allegations and statements and further alleges as follows:

11.     Defendant City of Norman and its employees owe a duty to only use such force as a reasonably prudent police officer would use in light of the circumstances confronting the officer under an objective standard. Plaintiff also enjoyed a right to be free from excess force by Defendant Barrett and Defendant Worthley pursuant to the state and federal constitutions.

12.     The force applied by Defendant Barrett and Defendant Worthley exceeded the amount of force necessary under these circumstances which included an unarmed person accused of a misdemeanor, who did not pose an immediate threat to anyone, where there was no exigency of the moment, and where the City of Norman's employees had superior numbers, size and weaponry at their disposal, and alternative means of accomplishing their goals. As a result, Plaintiff suffered bodily

3

injury for which Defendant City of Norman and its employees are liable under state and federal law.

13.     Defendant City of Norman owes a duty to properly train its employees in policies and practices that govern the use of force, and Defendants City of Norman owed a duty to properly train employees to observe, evaluate and properly respond to injuries sustained by those in custody. Upon information and belief, Defendant City of Norman breached their respective duties by failing to properly train the employees who encountered Plaintiff which resulted in great bodily injury.

14.     That as a direct and proximate result of the conduct detailed above, Plaintiff suffered great bodily injury, and has endured and continue to endure both mental pain and suffering, loss of enjoyment of life, and further damages which will be particularly proven at trial.

### SECOND CAUSE OF ACTION
*NEGLIGENCE BY RESPONDEAT SUPERIOR*
*AGAINST NORMAN POLICE DEPARTMENT*

Plaintiffs incorporates all previous allegations and statements and further alleges as follows:

15.     Defendant Norman Police Department and its employees owed a duty to only use such force as a reasonably prudent police officer would use in light of the circumstances confronting the officer under an objective standard. Plaintiff also had a right to be free from excessive force by Officer Barrett and Officer Worthley pursuant to the state and federal constitutions.

16.     The force applied by Officer Barrett and Officer Worthley exceeded the amount of force necessary under the circumstances which included an unarmed

4

person accused of a misdemeanor, who did not pose an immediate threat to anyone, where there was no exigency of the moment, and where the Norman Police Department's employees had superior numbers, size, and weaponry at their disposal and alternative means of accomplishing the arrest. As a result, Plaintiff suffered bodily injury for which Defendant Norman Police Department and its employees are liable under state and federal law.

17.     That as a direct and proximate result of the conduct detailed above, Plaintiff suffered great bodily injury, and has endured and continue to endure both mental pain and suffering, loss of enjoyment of life, and further damages which will be particularly proven at trial.

### THIRD CAUSE OF ACTION
*USE OF EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 BY OFFICER BARRETT AND OFFICER WORTHLEY*

Plaintiffs incorporates all previous allegations and statements and further alleges as follows:

18.     The actions of Defendant Barrett and Defendant Worthley were objectively unreasonable under the circumstances and exceed the force necessary in violation of the Fourth Amendment and in violation of the Fourteenth Amendment of the United State Constitution for which Defendant Barrett and Defendant Worthley are liable in his individual capacities pursuant to 42 U.S.C.§ 1983.

19.     The actions of Defendant Barrett and Defendant Worthley were objectively unreasonable under the circumstances and exceed the force necessary in violation of Article 2, Section 30, of the Oklahoma Constitution.

20.     The actions of Defendant Barrett and Defendant Worthley were taken

within the scope of their employment and in furtherance of a policy or practices of the City and Norman Police Department that condoned the use of excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution for which the City and Norman Police Dependent are liable.

21.     That as a direct and proximate result of the conduct detailed above, Plaintiff suffered great bodily injury, and has endured and continue to endure both mental pain and suffering, loss of enjoyment of life, and further damages which will be particularly proven at trial.

**FOURTH CAUSE OF ACTION**
*ASSAULT AND BATTERY AGAINST AURY BARRETT AND NATHANIEL*
*WORTHLEY*

Plaintiffs incorporates all previous allegations and statements and further alleges as follows:

22.     Defendant Barrett and Defendant Worthley without the consent of Plaintiff, acted either with the intent of making a harmful/offensive contact with the person of Plaintiff, or with the intent of putting plaintiff in apprehension of such contact.

23.     Defendant Barrett and Defendant Worthley's act resulted in a harmful/offensive contact with Plaintiff.

24.     Defendant Barrett and Defendant Worthley were acting in the scope of their employment, such that Defendants City of Norman and Norman Police Department are liable under the Oklahoma Governmental Tort Claims Act.

25.     In the alternative, Defendant Barrett and Defendant Worthley were acting outside the scope of their employment, such that Defendant Barrett and

Defendant Worthley are personally liable.

26.   The injuries and damages sustained by Plaintiff were produced in a natural and continuous sequence from and as a foreseeable result of Defendant Barrett and Defendant Worthley's violation of the above described independent duties of ordinary care for the safety of the Plaintiff.

WHEREFORE, all premises considered, Plaintiff respectfully requests the Court enter judgment in his favor in amount that exceeds $75,000.00, attorneys' fees, costs, for punitive damages against Defendant Barrett and Defendant Worthley and all such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

Joshua S. Turner, OBA #22321
TTB LAW
219 East Main Street
Norman, Oklahoma 73069
Telephone (405) 364-8300
Fax (405) 364-7059
josh@ttb-law.com
Attorney for Plaintiff

ATTORNEY LIEN CLAIMED